UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60040-CIV-COHN/SELTZER

JAMES W. SMITH,

    Plaintiff,

vs.

MERCK & CO., INC., and
MERCK SHARP & DOHME CORP.,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO STAY THE PROCEEDINGS
## ORDER GRANTING MOTION TO CONTINUE SCHEDULING CONFERENCE

**THIS CAUSE** is before the Court on Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively "Defendants") Motion to Stay the Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation and Motion to Continue Scheduling Conference [DE 8], Plaintiff's Response [DE 10], and Defendants' Reply [DE 12]. The Court has carefully considered the motion and is fully advised in the premises.

Defendants seek to stay this action pending a decision by Judicial Panel on Multidistrict Litigation ("Panel") where to transfer this action. On December 6, 2011, a motion to consolidate and transfer cases alleging injury from Defendants' Propecia medication was filed by various plaintiffs with the Panel. See MDL No. 2331. That motion is not opposed by Defendants, but other plaintiffs (not the Plaintiff in this action), filed an opposition seeking to transfer these actions to a different district court.[1] Briefing

---

[1] The Southern District of Florida is not one of the possible destinations for these actions.

on the motion to consolidate before the Panel was completed on January 9, 2012, too late to have the matter decided at the Panel hearing scheduled for January 26, 2012. Defendants report that they believe the matter will be heard at the Panel hearing in late March.

The present action was removed to this Court on January 9, 2012. Plaintiff alleges similar injuries from Propecia as those alleged in the actions filed in MDL No. 2331 [DE 1]. On January 11, 2012, this Court set this case for trial and referred the matter to United States Magistrate Judge Barry Seltzer for a scheduling conference [DE 3]. Judge Seltzer set the conference for January 27, 2012 [DE 4]. Defendants filed their Answer on January 17, 2012 [DE 5], and notified the Panel that this action was related [DE 7].

Defendants now seek a complete stay of this action and a continuance of the scheduling conference. Defendants rely upon numerous cases from this Court and others which grant such relief. Giles v. POM Wonderful, LLC, 2010 WL 4630325, Case No. 10-61684-Civ-JIC (S.D. Fla. Nov. 8, 2010). Plaintiff does not oppose the motion to stay if Defendants produce the same 382,907 pages of documents that Defendants state they have produced to other plaintiffs in the related Propecia proceedings. Plaintiff contends that even if this case is transferred to an MDL court, such discovery will be necessary. Since this case has a November 2012 trial setting, Plaintiff asserts that he needs to begin his review of the material to prepare for trial.

Defendants argue that Plaintiff has not contested any of the authorities cited by Defendants in support of a stay, and his position against the stay defeats both consistency and efficiency in this process. Defendants contend that Plaintiff's position

that a stay should be contingent on Defendants' production of documents is not reasonable and is prejudicial to Defendants.  The Court disagrees.  It is entirely reasonable not to stay written discovery in this action, particularly since Defendants have began that discovery in other cases.

Therefore, under the particular facts of this action,[2] the Court concludes that while it will grant a continuance of the scheduling conference and a limited stay of this action, this stay does not include written discovery requests.  The Court is not compelling production of any documents – the Court is merely exercising its discretion not to stay written discovery.  The Court reaches this decision even though a scheduling conference has not taken place.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Stay the Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [DE 8] is hereby **GRANTED in part** and **DENIED in part**;

2. Defendants' Motion to Continue Scheduling Conference [DE 8] is hereby **GRANTED**;

3. This case is **STAYED**, with the exception of written discovery, until the Judicial Panel on Multidistrict Litigation enters an order regarding transfer of this action, or until further order of this Court;

4. The Clerk of the Court shall **CLOSE** this case for administrative purposes;

---

[2] The particular facts include that Defendants have made significant document productions in other related cases, Defendants have already answered the Complaint, an MDL court has not yet been designated, and a decision on designating an MDL court could be 60 days away.

5. Defendants' counsel shall immediately forward to this Court any orders from the MDL panel regarding transfer of this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF